# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 15-1327V
**Filed: April 6, 2016**
UNPUBLISHED

* * * * * * * * * * * * * * * * * * * * * * * * * *

| | |
|---|---|
| LILLIAN ROZANSKI, | |
| Petitioner, | Damages Decision Based on Proffer; |
| | Influenza ("Flu") Vaccination; |
| v. | Left Arm Neuroma; |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | Special Processing Unit ("SPU") |
| Respondent. | |

* * * * * * * * * * * * * * * * * * * * * * * * * *

*Edward M. Kraus*, Law Offices of Chicago Kent, Chicago, IL, for petitioner.
*Alexis B. Babcock*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION AWARDING DAMAGES[1]

**Dorsey**, Chief Special Master:

On November 5, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleges that as a result of her October 23, 2013 influenza ("flu") vaccination she suffers chronic severe left shoulder pain, which is consistent with a shoulder injury related to vaccine administration ("SIRVA"). Petition at 1, ¶ 24. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On March 17, 2016, a ruling on entitlement was issued, finding petitioner entitled to compensation for a left arm neuroma. On April 4, 2016, respondent filed a proffer on award of compensation ("Proffer") indicating petitioner should be awarded $75,000.00 for actual and projected pain and suffering. Proffer at 1. In the Proffer, respondent represented that petitioner agrees with the proffered award. Based on the

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012)(Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

record as a whole, the undersigned finds that petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **the undersigned awards petitioner a lump sum payment of $75,000.00 which represents compensation for actual and projected pain and suffering, in the form of a check payable to petitioner, Lillian Rozanski.**  This amount represents compensation for all damages that would be available under § 300aa-15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                 **s/Nora Beth Dorsey**
                                                 Nora Beth Dorsey
                                                 Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

# IN THE UNITED STATES COURT OF FEDERAL CLAIMS
## OFFICE OF SPECIAL MASTERS

|  |  |
|---|---|
| LILLIAN ROZANSKI, ) | |
| ) | |
| Petitioner, ) | |
| ) | No. 15-1327 |
| v. ) | Chief Special Master Dorsey |
| ) | |
| SECRETARY OF HEALTH AND ) | |
| HUMAN SERVICES, ) | |
| ) | |
| Respondent. ) | |

## RESPONDENT'S PROFFER OF DAMAGES

**I.     Items of Compensation**

For the purposes of this proffer, the term "vaccine-related" is as described in Respondent's Rule 4(c) Report filed on March 14, 2016.

   A.     Pain and Suffering

Respondent proffers that petitioner should be awarded $75,000.00 in actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. *See* 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

   B.     Past Unreimbursable Expenses

Respondent proffers that petitioner should not be awarded any past unreimbursable expenses related to her vaccine injury. Petitioner agrees.

   C.     Lost Wages

The parties agree that based upon the evidence of record, petitioner's vaccine-related injury has not impaired her earning capacity. Therefore, respondent proffers that petitioner should be awarded no lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(A). Petitioner agrees.

## II. <u>Form of the Award</u>

The parties recommend that compensation provided to petitioner should be made through a lump sum payment as described below and request that the Chief Special Master's decision and the Court's judgment award the following:[1]

> A lump sum payment of $75,000.00, which represents all elements of compensation to which petitioner would be entitled under 42 U.S.C. § 300aa-15(a), in the form of a check payable to petitioner.

Respectfully submitted,

BENJAMIN C. MIZER
Principal Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

VINCENT J. MATANOSKI
Deputy Director
Tort Branch, Civil Division

MICHAEL P. MILMOE
Senior Trial Counsel
Torts Branch, Civil Division

 s/ Alexis B. Babcock
ALEXIS B. BABCOCK
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146

Dated: April 4, 2016          Telephone: (202) 616-7678

---

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future medical expenses and future pain and suffering.

2